UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LETRECE D. SCOTT | CIVIL ACTION |
| VERSUS | NO. 12-2458 |
| LOUISIANA CVS PHARMACY, L.L.C. ET AL. | MAGISTRATE JUDGE JOSEPH C. WILKINSON, JR. |

### ORDER AND REASONS ON MOTIONS

Plaintiff's Motion to Continue Trial, Summary Judgment and Discovery Deadlines, Record Doc. No. 32, is pending before me in this matter. Defendants filed a timely opposition memorandum. Record Doc. No. 35. Having considered the record, the applicable law and the written submissions of counsel, **IT IS ORDERED** that the motion is GRANTED, but only to the extent provided in the order contained herein.

Motions to continue trial are directed to the broad discretion of the court. Clinton v. Jones, 520 U.S. 681, 706-07 (1997); In re FEMA Trailer Formaldahyde [sic] Prods. Liab. Litig., 628 F.3d 157, 161 (5th Cir. 2010) (citing U.S. v. Stalnaker, 571 F.3d 428, 439 (5th Cir. 2009); U.S. v. German, 486 F.3d 849, 854 (5th Cir. 2007); Streber v. Hunter, 221 F.3d 701, 736 (5th Cir. 2000)). In making this decision, the court looks to the totality of the circumstances, including such factors as the amount of time available, the moving party's role in shortening the time needed, the likelihood of prejudice from denial of the motion, the facts of the particular case, the complexity of the case, and all of the demands on

counsel's time and the court's.  Stalnaker, 571 F.3d at 439; Streber, 221 F.3d at 736 (citing HC Gun & Knife Shows, Inc. v. City of Houston, 201 F.3d 544, 549-50 (5th Cir. 2000)).

In addition, dates and deadlines set in a Rule 16 scheduling order, as in this case, Record Doc. No. 9, may be modified only upon a showing of "good cause," Fed. R. Civ. P. 16(b)(4), involving the evaluation of four factors; i.e., the explanation for the requested extension, its importance, prejudice resulting to the opposing party, and the availability of a continuance to cure the prejudice.  Fahim v. Marriott Hotel Servs., Inc., 551 F.3d 344, 348 (5th Cir. 2008); Sw. Bell Tel. Co. v. City of El Paso, 346 F.3d 541, 546 (5th Cir. 2003); S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA, 315 F.3d 533, 535 (5th Cir. 2003).

Applying the foregoing standards in this case weighs in favor of a finding of Rule 16 "good cause" and granting some of the requested continuance, but only subject to a case management order limiting further discovery to that identified in these motion papers.  The explanation for the requested continuance is persuasive and important.  Although the case has been pending for about 16 months and the court permitted a liberal period of almost one year within which discovery could be completed, counsel for both sides delayed in their taking of even the most basic depositions.[1]  It appears that a limited number of additional

---

[1]"Plaintiff's deposition was taken on December 10, 2013, and plaintiff's counsel conducted six depositions of CVS witnesses on December 12 and 13, 2013. The deposition of Stacey Polito had also been scheduled for December 12, 2013, but Ms. Polito advised us over Thanksgiving weekend that she had to have surgery on December 10, 2013 and would be on medical leave of absence for 2 to 4 weeks." Record Doc. No. 35 at p. 5. Thus, counsel for both sides waited almost eleven months after the court first set the discovery deadline, Record Doc. No. 9, to conduct this basic discovery. Despite the excuses proffered for the fact that this key witness has not been deposed, she has nevertheless found the time to submit a sworn declaration to defendant in support of its motion for summary judgment. Record Doc. No. 30-3.

depositions that were not taken by the previously set discovery deadline, in part because of problems posed by the witnesses themselves, together with resolution of a discovery dispute concerning requested documents, will insure that the pending dispositive motion can be addressed definitively and on a complete record and that the parties will be ready for trial if the motion is denied. No prior continuance has been requested or granted during the life of this lawsuit. The claims and issues presented in the pending motion are somewhat more involved than those presented in the usual employment case motion for summary judgment. I see no prejudice to defendants and every benefit to the court's own ability to address the pending motion thoroughly and deliberatively in granting the continuance. Accordingly, the motion is GRANTED, but only as provided in the following order.

The currently fixed final pretrial conference and trial dates are **CONTINUED.** None of the other dates and deadlines previously set in the court's initial scheduling order are extended and no further discovery may be conducted, except as provided herein.

**IT IS ORDERED** that further proceedings must now be conducted as follows:

No later than **February 25, 2014**, counsel for both sides must confer **in person**, not by telephone, email or otherwise, and agree upon a schedule of dates, times and places for the completion of the following depositions: (1) Stacey Polito, (2) Sharon Snyder, (3) Isaiah Berry, and (4) plaintiff's treating physician, Dr. Llanos. The absolute deadline by which these depositions must be completed is **March 24, 2014**. The agreed-upon

deposition schedule must be reduced to writing, signed by counsel for both sides and submitted to me for filing in the record. If the parties cannot agree, the court will set the deposition schedule as it sees fit. As to any of these witnesses whose appearance at the scheduled deposition cannot be arranged and guaranteed by a party, counsel must exchange the last known service address for each, and the party seeking to take the deposition must timely subpoena the witness(es) to appear.

No later than **February 25, 2014**, counsel for plaintiff must file and serve, with a notice of submission of **March 12, 2014**, pursuant to Local Rule 7.2, any motion to compel as to any disputed written discovery request. Written opposition to any such motion must be filed no later than **March 4, 2014**.

Defendant's pending motion for summary judgment, Record Doc. No. 30, is DISMISSED WITHOUT PREJUDICE. After the above-listed depositions are completed and the court has ruled on any motion to compel that plaintiff may file as permitted above, defendant may re-file this motion – either as originally submitted or revised to address the discovery permitted herein – no later than **March 25, 2014**, and must notice it for submission on **April 19, 2014**, pursuant to Local Rule 7.2. Plaintiff must file her written opposition to defendant's re-filed motion for summary judgment no later than **April 11, 2014**.

Thereafter, new dates for final pretrial conference and trial will be scheduled, if necessary.

The limitations and dates provided in this order may <u>not</u> be varied either informally or upon the stipulation of counsel, but only on motion for good cause shown and order of the court.

New Orleans, Louisiana, this \_\_\_\_12th\_\_\_\_ day of February, 2014.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE